# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STREETZ, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LOST INTERNATIONAL, LLC, a California limited liability company; Z SUPPLY, INC., a California corporation; CREATIVE SOURCING, INC., a California corporation; and DOES 1 through 100, Inclusive,<br><br>　　　　　Defendants.<br><br>LOST INTERNATIONAL, LLC, a California limited liability company,<br><br>　　　　　Counterclaimant,<br><br>vs.<br><br>STREETZ, LLC, a California limited liability company<br><br>　　　　　Counterclaim-Defendant. | Case No. CV 12-08002 GAF (MANx)<br><br>PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION |

　　　　Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on September 3,

1. 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1.2, 5.2(a), 5.2(b), 7.3(a) (added), 12.6 (deleted), and 12.7 (renumbered as 12.6) of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

1  Cir. 2010). For each item or type of information, document, or thing sought to be
2  filed or introduced under seal in connection with a dispositive motion or trial, the
3  party seeking protection must articulate compelling reasons, supported by specific
4  facts and legal justification, for the requested sealing order. **Again, competent**
5  **evidence supporting the application to file documents under seal must be**
6  **provided by declaration.**
7      Any document that is not confidential, privileged, or otherwise protectable in
8  its entirety will not be filed under seal if the confidential portions can be redacted.
9  If documents can be redacted, then a redacted version for public viewing, omitting
10 only the confidential, privileged, or otherwise protectable portions of the document,
11 shall be filed. Any application that seeks to file documents under seal in their
12 entirety should include an explanation of why redaction is not feasible.
13 Notwithstanding any other provision of this Protective Order, in the event that this
14 case proceeds to trial, all information, documents, and things discussed or
15 introduced into evidence at trial will become public and available to all members of
16 the public, including the press, unless sufficient cause is shown in advance of trial to
17 proceed otherwise.
18     **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**
19 **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**
20 **HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE,**
21 **INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND**
22 **FILINGS UNDER SEAL.**
23
24                 **TERMS OF PROTECTIVE ORDER**
25     1.     **PURPOSES AND LIMITATIONS.**
26         1.1    The parties **have** stipulate**d** that, during the course of the above-
27 captioned action, the parties herein will be disclosing to each other documents that
28

each of them contend may contain trade secrets or other confidential commercial, proprietary, or other information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties **have** agree**d** that their exchange of information should be governed by this Protective Order and, therefore, **have** petition**ed** the **C**ourt to enter **this** Protective Order.

      1.2    The parties acknowledge that this **Protective** Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

      1.3    Nothing contained herein is intended to alter the obligations of the parties under the Federal Rules of Civil Procedure or the Local Rules for the Central District of California with respect to their respective discovery obligations, Motion practice, or the process for seeking to lodge documents under seal.

2.    **DEFINITIONS.**

      2.1    **Party:** Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

      2.2    **Non-Party**: A non-party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff), **who** has agreed to be bound by the terms of this Protective Order in connection with discovery in this action.

      2.3    **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored, or maintained (including,

among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to written or oral discovery in this matter.

2.4 **"Confidential" Information or Items:** Information (regardless of how **it was** generated, stored, or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c)(G) or other applicable Federal or State law.

2.5 **"Highly Confidential - Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Such information includes, but is not limited to, the Parties' financial records, business plans, and trade secrets (as defined by the Uniform Trade Secrets Act).

2.6 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8 **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.9 **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.10 **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, and their support staff.

2.11 **House Counsel:** attorneys who are employees of a Party, and their support staff.

2.12 **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

2.13 **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, including their support staff, and who is not a current employee, agent, attorney, officer, director, or independent contractor of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee, agent, attorney, officer, director, or independent contractor of a competitor of a Party. This definition includes professional jury or trial consultants retained in connection with this litigation.

2.14 **Professional Vendors:** persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, **and/or** retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE:** The protections conferred by this **Protective** Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and any testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material, including, but not limited to, out-of-court conversations between counsel regarding the action, unless such information and material is otherwise legally available or accessible to the Receiving Party.

4. **DURATION:** Even after the termination of this litigation, the confidentiality obligations imposed by this **Protective** Order shall remain in effect. Accordingly, the Court shall retain jurisdiction following termination of this litigation for the purpose of enforcing any provisions of this Protective Order.

5. **DESIGNATING PROTECTED MATERIAL.**

5.1 **Exercise of Restraint and Care in Designating Material for Protection.**

a. Each Party or non-party that designates information or items for protection under this **Protective** Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify.

b. If it comes to a Party's or a non-party's attention that information or items that it designated for protection **as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"** do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other **P**arties that it is withdrawing the mistaken designation.

5.2 **Manner and Timing of Designations:** Except as otherwise provided in this **Protective** Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this **Protective** Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this **Protective** Order requires:

a. for information in documentary form (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (or substantial equivalent of the latter such as "ATTORNEYS' EYES ONLY") at, or as near as possible to, the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(i) A Party or non-party that makes original documents

1 or materials available for inspection need not designate them for protection until
2 after the inspecting Party has indicated which material it would like copied and
3 produced. During the inspection and before the designation, all the material made
4 available for inspection shall be deemed "HIGHLY CONFIDENTIAL -
5 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the
6 documents it wants copied and produced, the Producing Party must determine which
7 documents, or portions thereof, qualify for protection under this **Protective** Order,
8 **and** then, before producing the specified documents, the Producing Party must affix
9 the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
10 ATTORNEYS' EYES ONLY") at, or as near as possible to, the top or bottom of
11 each page that contains Protected Material. If only a portion or portions of the
12 material on a page qualifies for protection, the Producing Party also must clearly
13 identify the protected portion(s) (*e.g.*, by making appropriate markings in the
14 margins) and must specify, for each portion, the level of protection being asserted
15 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
16 EYES ONLY").

17       b. for testimony given in deposition, that the Party or non-
18 party offering or sponsoring the testimony identify on the record, before the close of
19 the deposition, all protected testimony and further specify any portions of the
20 testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
21 ONLY." When it is impractical to identify separately each portion of testimony that
22 is entitled to protection, and when it appears that substantial portions of the
23 testimony may qualify for protection, the Party or non-party that sponsors, offers, or
24 gives the testimony may invoke on the record (before the deposition is concluded) a
25 right to have up to the period of time in which the deponent has to review and sign
26 the transcript to identify the specific portions of the testimony as to which protection
27 is sought and to specify the level of protection being asserted ("CONFIDENTIAL"
28

1 or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Pending identification of those specific portions of the testimony as to which protection is sought and specification of the level of protection being asserted, the deposition transcript in its entirety shall be maintained by all parties as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the **thirty** (30) days shall be thereafter covered by the provisions of this Protective Order.

(i) Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non¬party offering or sponsoring the witness or presenting the testimony. In the event that a party states at the deposition that he, she, or it will be designating portions of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the court reporter will prepare and provide a preliminary draft of the transcript to said party in order that the report may thereafter prepare a final version of the deposition transcript bound as set forth above.

c. for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 **Inadvertent Failures to Designate:** If timely corrected, an inadvertent failure to designate qualified information or items as

9

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective** Order.

      5.4    **Materials Designated In Prior Litigation:** During the course of discovery, the parties may request the production of documents and information which are subject to a **p**rotective **o**rder in other litigation. The parties agree that when such documents are produced, they shall be produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if so designated in the other litigation. In the event that the Receiving Party seeks to challenge the propriety of the designation in accordance with Section 6, below, Receiving Party shall serve notice on the originally designating party.

      5.5    **Miscellaneous.**

      a.    Nothing in this Protective Order shall affect the right of the designating party to disclose the **D**esignating **P**arty's own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any person or entity. Such disclosure shall not waive any of the protections of this Protective Order.

      b.    Nothing herein shall be construed to mean that counsel of record for a **P**arty may not use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" materials at trial, subject to any applicable objections.

      6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1 **Timing of Challenges:** A **P**arty shall have sixty (60) days to commence the meet and confer process with respect to raising a challenge to a Designating Party's confidentiality designation. In the event that a **P**arty fails to timely make such a challenge, the **P**arty shall thereafter be required to demonstrate good cause justifying its failure to timely raise a challenge as an initial burden of proof with respect to any motion to challenge the confidentiality designation.

6.2 **Meet and Confer:** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and in full compliance with Local Rule 37. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 **Judicial Intervention.**

    a. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The challenged material shall not be filed as part of the Local Rule 37 Joint Stipulation. Rather, the challenged material shall be separately lodged with the Court along with a Stipulation and [proposed] Order providing that: (1) one of the **P**arties has requested that the attached material be re-designated with respect to confidentiality; (2) pending resolution of the challenge to the confidentiality designation, the material shall be lodged under seal; and (3) if the Motion is denied, or if the material is only lowered in confidentiality from

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," it will remain lodged under seal.

      b.    Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed by Local Rule 37 and the preceding paragraph, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

      c.    The burden of persuasion in any such challenge proceeding shall initially be on the Designating/Producing Party to establish a legitimate need for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation. If **the** Designating/Producing Party establishes such a legitimate need, **the** Moving Party shall thereafter have the burden of establishing the propriety of lowering or removing the designation. Until the **C**ourt rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

    7.1    **Basic Principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this **Protective** Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 (FINAL DISPOSITION), below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this **Protective** Order.

    7.2    **Disclosure of "CONFIDENTIAL" Information or Items:**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    a.    the Receiving Party's Outside Counsel (as defined in Section 2);

    b.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    c.    experts (as defined in this **Protective** Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    d.    the Court and its personnel (subject to Section 10 of this **Protective Order**);

    e.    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    f.    during their depositions, witnesses in the action, who are not past or current employees, agents, attorneys, officers, directors, or independent contractors of a competitor of a Party and who, at the time of their depositions, are not anticipated to become employees, agents, attorneys, officers, directors, or independent contractors of a competitor of a Party and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

    g.    the author of the document or the original source of the information.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

a. **the Receiving Party's Outside Counsel (as defined in Section 2**);

b. Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

c. the Court and its personnel (subject to Section 10 of this **Protective Order**);

d. court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

e. the author of the document or the original source of the information.

7.4 **Court Access:** Nothing in this Protective Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this action.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

8.1 If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by U.S. Mail and, if possible, by facsimile) immediately and in no

event more than three **(3)** court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      8.2    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

      8.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    **FILING PROTECTED MATERIAL:** Without a court order secured

15

after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Local Rules, including but not limited to Civil Local Rule 79-5 and 7-3.

11. **FINAL DISPOSITION.**

11.1 Unless otherwise ordered or agreed in writing by the Producing Party, within sixty **(60)** days after a final adjudication or settlement of this action, each Receiving Party shall return all Protected Material to the Producing Party or destroy the same in a manner not compromising its contents. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.

11.2 Whether the Protected Material is returned or destroyed, the Receiving Party must, upon written request, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings or motion papers, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS.**

12.1 **Right to Further Relief:** Nothing in this **Protective** Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections:** By **having** stipulat**ed** to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Moreover, this Protective Order shall not preclude or limit any **P**arty's right to seek further and additional protection against or limitation upon production of documents produced in response to discovery.

12.3 **Other Privileges:** Nothing in this Protective Order shall require disclosure of materials a **P**arty contends are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other privilege or protection provided under the law. This provision shall not, however, be construed to preclude any **P**arty from moving the Court for an order directing the disclosure of such materials where it disputes the claim of attorney-client privilege, attorney work-product doctrine, or other privilege or protection.

12.4 **Modifications:** The Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for a modification of this Protective Order or further protective orders, or from agreeing between themselves to modification of this Protective Order.

12.5 **Captions:** The captions of paragraphs contained in this **Protective Order** are for reference only and are not to be construed in any way as a part of this **Protective Order**.

*///*
*///*
*///*
*///*
*///*

17

12.6 **Effect.** The **P**arties agree to be bound to the terms of this Protective Order upon its execution, without regard to when or if the Court enters the requested order. It this Protective Order is rejected by the Court, the Parties will work in good faith to prepare a new Protective Order that is acceptable to the Court.

**IT IS SO ORDERED.**

Dated: October 11, 2013

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on October 11, 2013 in the case of *Streetz, LLC v. Lost International, LLC, et al.,* Case No. CV 12-08002 GAF (MANx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to liability, as well as sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____